

**SHAPIRO
SHER
GUINOT &
SANDLER**

Joel I. Sher
Direct Dial: 410.385.4277
jis@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

September 21, 2010

The Honorable Richard D. Bennett
United States District Court
District of Maryland
101 West Lombard Street
5th Floor
Baltimore, Maryland 21201

      Re:    Sher v. Goldstone, et al.
             Civil No: 1:10-cv-01895-RDB

Dear Judge Bennett:

    We are in receipt of Orrick's belated efforts in their September 20, 2010 letter to further educate the Court about their view of Counts XI, and XIII through XIX of the Complaint and the Court's Order of the same date. If the Order does not moot Orrick's letter, and you wish us to respond beyond this brief comment, we would welcome the opportunity.

    Orrick's motion to strike is not meritorious because, among other things, Orrick bases its position on a misreading of the case of *Liebmann v. Pucci (In re Ampat Southern Corp.)*, 128 B.R. 405 (Bankr. D. Md. 1991). That case merely held that were there is no viable cause of action on an alleged fraudulent transfer claim in the first instance, the trustee could not recover in tort the same amount transferred, simply by calling the count one for damages for breach of fiduciary duty. *Id.* at 411. As one district court has explained: "Neither *Ampat* nor *Elliott* [*v. Glushon*, 390 F.2d 514 (9th Cir.1967)] precludes a tort action against a non-transferee, however, *where a plaintiff is able to prove the essential elements of its claim in tort.*" *KSC Recovery, Inc. v. The First Boston Corp. (In re Kaiser Merger Litig.)*, 168 B.R. 994, 1003-04 (D. Colo. 1994) (emphasis added). Each of the Trustee's claims against Orrick in Counts XI and XIV-XIX, which are plead in the alternative, properly pleads all of the elements required for the Trustee to recover in tort; therefore Orrick's motion to strike should be denied.

    Moreover, Orrick's motion to strike is a procedurally inappropriate use of Rule 12(f). Rule 12(f) only permits the striking of "any redundant, immaterial, impertinent, or scandalous matter." There is no such material in the Complaint, and Orrick does not suggest otherwise. Orrick attempts to use Rule 12(f) as a substitute for Rule 12(b)(6)



SHAPIRO
SHER
GUINOT &
SANDLER

The Honorable Richard D. Bennett
September 21, 2010
Page 2

without addressing the merits of the Counts.  In reality Orrick's motion is aimed at deleting all of the Trustee's allegations of the harm the Debtors' suffered as a result of Ms. Dempsey's and Orrick's alleged misconduct.  This effort is, in effect, a premature motion *in limine* to prohibit the Trustee, at this early stage of the case, from establishing how Ms. Dempsey's misconduct injured the Debtors. The Court should deny Ms. Dempsey's and Orrick's motion to strike.

Respectfully,

Joel I. Sher

cc:     Pamela Phillips, Esquire
        Richard M. Kremen, Esquire
        David A. Hickerson, Esquire
        Samuel Rosenthal, Esquire