IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Joel I. Sher, Chapter 11 Trustee, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB 10-1895 |
| SAF Financial, Inc., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Larry A. Goldstone ("Goldstone") has moved for an order allowing third-party witness Protiviti, Inc. ("Protiviti") to comply with a subpoena *duces tecum* served upon it. Goldstone asserts that Protiviti has been prevented from making any production in response to the subpoena because Joel I. Sher, Chapter 11 Trustee for Debtor TMST, Inc., f/k/a Thornburg Mortgage, Inc. ("Sher" or "the Trustee"), has expressly forbidden it to do so. The parties have fully briefed the issues and this Court held a hearing on this matter on April 8, 2011. For the reasons stated on the record at the hearing and for the reasons that follow, Goldstone's Motion to Allow Third-Party Witness Protiviti, Inc. to Produce Documents in Response to Subpoena (ECF No. 131) is GRANTED except with respect to documents that allegedly reflect the mental impressions or litigation strategies of Venable LLP, for which a privilege log must be prepared for this Court's review.

## BACKGROUND

On July 22, 2010, Debtor TMST filed the pending Complaint against a number of Defendants, including Goldstone. TMST's Complaint makes some allegations based in part on

communications or advice provided by TMST's legal counsel and its financial advisor, Protiviti. On December 23, 2010, Goldstone served Protiviti with a subpoena demanding production of documents relevant to the allegations in the Complaint.

At some point thereafter, Protiviti's legal counsel advised Goldstone that it was precluded from producing documents in response to the subpoena because of the Trustee's "admonition that he wanted to review any responsive documents in Protiviti's possession, custody or control before the documents were produced." ECF No. 131 at 4. Sher later confirmed to Goldstone that he had provided these instructions to Protiviti, and stated that he was unwilling to produce documents on Protiviti's behalf until the parties to the litigation entered into a confidentiality agreement. Goldstone subsequently proposed such an agreement, but Sher rejected it and presented an alternative agreement that would have authorized him to make "selective waiver of the attorney-client privilege." *Id.* at 5. Goldstone refused to agree to this proposal, contending that select waivers were improper under the law.

On February 24, 2011, Protiviti filed a *Motion to Modify Subpoena Filed by Larry A. Goldstone* in the United States District Court for the District of Columbia, where the subpoena had been issued. In this motion, Protiviti requested that the Court modify the subpoena to extend Protiviti's production deadline, or provide procedures by which Sher could review all the responsive documents and assert any privilege. Rosenthal Decl., Ex. E at 3. As of the following day, on February 25, 2011, the Trustee continued to demand that Protiviti not produce any documents until he had reviewed them for attorney-client privilege and responsiveness.

Accordingly, that same day, Goldstone filed the pending Motion to Allow Protiviti to Produce Documents in Response to Subpoena. ECF No. 131. On March 16, 2011, the Trustee filed its Opposition. ECF No. 140. In its Opposition, the Trustee explained that the parties had

resolved most of the issues in Goldstone's motion except whether the Trustee was entitled to withhold from production Protiviti documents falling into one or more of the following categories:

> (i) Protiviti documents relating to reports or analyses of potential causes of action on behalf of the bankruptcy estate against any persons who are not parties to this action;
>
> (ii) any documents that Protiviti prepared for Venable, LLP (the Debtors's counsel during the Bankruptcy Case) in connection with a Complaint drafted and filed by Venable against Defendants Goldstone and Simmons in Adversary Proceeding 09-00689, a copy of which is attached hereto as **Exhibit A** (the "Venable Complaint"); and
>
> (iii) documents reflecting Venable's mental impressions and litigation strategies, with respect to (ii) above.

A hearing was held on this motion on April 8, 2011.

## **ANALYSIS**

Goldstone argues that Protiviti should be allowed to produce documents in response to the subpoena for three reasons: First, the Trustee has failed to follow any appropriate procedure for assertion of any privilege claim under Federal Rules of Evidence 26(c) and 45(c), and his time to do so has expired. Second, Trustee cannot assert any attorney-client privilege as to any documents because Protiviti acted as a financial advisor and provided no legal services to the Trustee or Debtor. Third, even if Trustee could assert a privilege, it was waived by virtue of the allegations in TMST's Complaint and Protiviti's previous disclosures.

**I.     Rule 26(c) and Rule 45(c)**

Federal Rule of Civil Procedure 26(c) protects a party from discovery requests which seek confidential or privileged materials. *See* Fed. R. Civ. P. 26(c). Federal Rule of Civil Procedure 45(c) protects a party from having its privileged material subpoenaed by third parties by providing that a party may move to quash or modify a subpoena through a "timely motion."

3

*See* Fed. R. Civ. P. 45(c)(3). In this case, the Trustee has standing to file a motion for a protective order under Rule 26 or a motion to quash under Rule 45, but did not do so. Notably, Goldstone provided to the Trustee notice in advance of serving the subpoena on December 22, 2010, as required under Rule 45(b), and served the subpoena the next day. Rosenthal Decl. ¶ 2. The Trustee could have filed a timely motion to quash or modify any time before the compliance period ran out, which in this case was February 24, 2011. He did not do so. Accordingly, the Trustee did not comply with Rules 26(c) or 45(c), and therefore may not interfere with Protiviti's production.

**II.     Privilege**

Even if Sher had complied with the applicable federal rules and filed a timely motion for a protective order or motion to quash/modify, he has not shown that non-production is justified based upon any asserted privilege. Though it is well established that legal advice is protected by attorney-client or work product privileges, courts have repeatedly held that a party must meet an exceedingly high burden for a privilege to attach to communications with non-lawyers. *See, e.g.*, *Dahl v. Bain Cap. Partners, LLC*, 714 F. Supp. 2d 225 (D. Mass 2010) (holding that communications that fall within the attorney-client privilege must be "necessary, or at least highly useful, for the effective consultation between the client and the lawyers" and must be made for the purpose of rendering legal advice).

Protiviti acted as TMST's financial advisor in its bankruptcy case. The Trustee does not contend that Protiviti's communications as a financial advisor were necessary or highly useful to the consultation between TMST and its counsel, Venable LLP. Thus, there is no attorney-client privilege as to documents Protiviti prepared relating to potential causes of action on behalf of the bankruptcy state against persons not a party to this action, or to documents prepared for Venable

4

in connection with the complaint it filed against Goldstone and Simmons. *See Green v. Beer*, No. 06-Civ-4156, 2010 WL 2653650 (S.D.N.Y. July 2, 2010) (holding that communications between plaintiffs' counsel and their financial advisors were not privileged because they were not "necessary" or "nearly indispensable" to the provision of legal advice to their clients).

Sher argues that Protiviti was a *de facto* employee of TMST because Protiviti's duties included communicating and working with TMST's counsel. Sher bases this argument on *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961), which held that the attorney-client privilege applies to exchanges between a client and an accountant when the accountant enables communications with the attorney through "translating" complex accounting concepts. Yet, Protiviti was not hired by Venable or any other law firm; it was employed by TMST. ECF No. 131, Ex. C. Protiviti also did not provide assistance that amounted to translating services, but instead acted as an ordinary financial advisor. Thus, *Kovel* does not change this Court's analysis that no attorney-client privilege attaches to the documents Protiviti prepared for TMST.

## III. Waiver

Finally, even if the Trustee could assert some privilege as to Protiviti's work product, he still cannot interfere with Protiviti's production of documents because virtually any possible privilege was waived through the allegations made in TMST's Complaint and Protiviti's previous disclosures. TMST's Complaint and the testimony of Charles Goldstein—the Protiviti employee who has already testified in open court at a hearing held in front of U.S. Bankruptcy Chief Judge Duncan Keir— reference almost all of Protiviti's work for TMST. For example, the Complaint includes communications between TMST and Protiviti that provides the Trustee's basis for pursuing claims against Goldstone and other defendants. *See, e.g.*, Compl. ¶¶ 113, 115. This disclosure of information cannot now be asserted as privileged.

However, given the new Federal Rule of Evidence 502, which changes the scope of waiver resulting from disclosures in federal proceedings, this Court will refrain from determining at this time whether the Trustee is entitled to withhold from production any documents Protiviti may have in its possession reflecting Venable's mental impressions and litigation strategies as to the complaint Venable prepared for TMST for filing against Goldstone and Simmons. Instead, the Trustee will identify all documents that it contends Protiviti may not produce because they reflect the mental impressions or litigation strategies of Venable LLP by providing this Court with a privilege log.

## **CONCLUSION**

For the reasons stated on the record at the April 8, 2011 hearing and the reasons stated above, Goldstone's Motion to Allow Third-Party Witness Protiviti, Inc. to Produce Documents in Response to Subpoena (ECF No. 131) is GRANTED except with respect to documents that allegedly reflect the mental impressions or litigation strategies of Venable LLP, for which a privilege log must be prepared for this Court's review.

A separate Order follows.

Dated:   April 19, 2011              /s/_____
                                     Richard D. Bennett
                                     United States District Judge