IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Joel I. Sher, Chapter 11 Trustee, | * | |
| Plaintiff and Counter-Defendant, | * | |
| v. | * | |
| SAF Financial, Inc., | * | |
| Defendant, | * | |
| and | * | |
| Larry A. Goldstone and Clarence G. Simmons, III, | * | Civil Action No.: RDB 10-1895 |
| | * | |
| Defendants, Counter-Plaintiffs, And Third Party Plaintiffs, | * | |
| v. | * | |
| Thornburg Mortgage Advisory Corporation and Garrett Thornburg, | * | |
| | * | |
| Third Party Defendants. | * | |

\* \* \* \* \* \*

Joel I. Sher, Chapter 11 Trustee,

Cross-Plaintiff,

v.

Thornburg Mortgage Advisory
Corporation and Garrett Thornburg,

Cross-Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

1

## MEMORANDUM OPINION

Joel I. Sher, the Chapter 11 Trustee ("Trustee") filed a multi-count Complaint against a number of defendants, including Larry A. Goldstone ("Goldstone") and Clarence G. Simmons III ("Simmons"), alleging they engaged in a multi-faceted conspiracy to convert money and property from TMST, Inc. ("TMST") for their own gain. Goldstone and Simmons subsequently filed a Third Party Complaint against Thornburg Mortgage Advisory Corporation ("TMAC") and Garrett Thornburg ("Thornburg") seeking to indemnify them for the acts alleged in the original complaint. After the Third Party Complaint was filed, Trustee filed the pending Cross-Claim (ECF No. 98) against TMAC and Thornburg (collectively, "Cross-Defendants").

In the pending motion, Cross-Defendants have moved to dismiss a number of the cross-claims against them. The parties have fully briefed the issues and this Court held a hearing on May 9, 2011. At the hearing, this Court made determinations as to some of Cross-Defendants' arguments, but refrained from ruling as to others.[1] For the reasons that follow, Cross-Defendants' Motion to Dismiss (ECF No. 127) is GRANTED as to Counts I-VI (fraudulent conveyance) and Count VII (preferential transfers) as to Thornburg, but DENIED as to Count V (fraudulent conveyance) and Count X (breach of a covenant of good faith and fair dealing) as to TMAC.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the

---

[1] Specifically, this Court granted Cross-Defendants' Motion to Dismiss with respect to Count XIII (breach of interested directors fiduciary obligations) as to Thornburg and with respect to Count XIV (civil conspiracy) as to TMAC. This Court denied Cross-Defendants' Motion to Dismiss with respect to Count XIV and Count XV (negligence) as to Thornburg. See ECF No. 176.

Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show

3

more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I. Avoidance of Fraudulent Transfers as to Thornburg (Counts I-VI)

Counts I through VI of the Cross-Claim allege that TMST made a number of fraudulent conveyances to TMAC. Specifically, in Counts I and II the Trustee seeks to avoid the transfer of a) unauthorized bonus payments made to Goldstone, Simmons, Burns and Pell; b) a pre-petition payment to TMAC for expenses related to a private airplane; and c) a payment that TMAAC made to Charles Macintosh. In Counts III and IV, the Trustee seeks to avoid the transfer of certain vendor payments made to SS&C Technologies, Inc. In Counts V and VI, the Trustee seeks to avoid allegedly excessive management fees paid to TMAC. In each count, the Trustee seeks to recover from both TMAC and Thornburg. At issue are Thornburg's arguments to dismiss the claims against him in Counts I through VI.[2]

Pursuant to 11 U.S.C. § 550, a person can be held liable for a fraudulent transfer only if the person is a transferee or an "entity for whose benefit [a] transfer was made." As the Fourth Circuit has explained, for liability to attach the beneficiary must be "a debtor of the transferee or the guarantor of a debt owed by the bankrupt party to the transferee." *Terry v. Meredith (In re Stephen S. Meredith, CPA, P.C.)*, 527 F.3d 372, 376 (4th Cir. 2008). As this Court explained in

---

[2] TMAC seeks only to dismiss Count V. TMAC's arguments as to Count V will be discussed in Section II.

4

its October 14, 2010 Memorandum Opinion (ECF No. 61), though there is little case law analyzing the status of a transfer beneficiary, this Court finds the three factor test adopted by the Bankruptcy Court for the Northern District of Illinois in *Baldi v. Lynch (In re McCook Metals, L.L.C.)*, 319 B.R. 570 (Bankr. N.D. Ill. 2005) to be instructive. In *Baldi*, the court considered whether the alleged transfer was: (1) actually received by the beneficiary; (2) quantifiable; and (3) accessible by the beneficiary. *Id.* at 590.

The Trustee contends that Thornburg is an entity for whose benefit the unlawful transfers alleged in Counts I through VI were made. The Trustee argues that Thornburg is a transfer beneficiary under *Baldi* because he was TMAC's majority shareholder and as such "received an actual, quantifiable benefit from any increase in TMAC's assets." Opp'n (ECF No. 147) at 21. As Thornburg points out, however, there is no case law to support the Trustee's argument. Furthermore, at least one court has found that an individual cannot be held liable as a beneficiary of a transfer made to a corporation based solely upon that individual's status as the president and majority shareholder of the corporation. In *Schechter v. 5841 Building Corp. (In re Hansen)*, 341 B.R. 638 (Bankr. N. D. Ill. 2006), the court held that nothing in Section 550 indicates that voidable transfers made to a corporation can be recovered from its shareholders based on the argument that the shareholders automatically benefit from such transfers. *Id.* 645-46. Instead, that court held that a shareholder may not be held liable without a showing that he had actually received distributions of the transferred property or unless "a showing can be made to pierce the corporate veil." *Id.* at 646.

In this case, the Trustee has not alleged that Thornburg actually received the transfers at issue. Even if Thornburg received some kind of secondary benefit because TMAC received some money from these transfers, that does not provide a basis to pierce TMAC's corporate veil

5

and impose personal liability on Thornburg. Thus, Thornburg may not be found liable as a transfer beneficiary based solely on this status as TMAC's majority shareholder.

The Trustee argues in the alternative that Thornburg can be found liable as "an immediate or mediate transferee of Debtors' property." Opp'n at 22. The Trustee explains that to the extent TMAC has issued dividends to Thornburg, "a quantifiable share of those assets can be traced to property fraudulently transferred from TMST to TMAC." *Id.* Yet, the Cross-Claims are devoid of any specific allegations regarding transfers of TMST's property from TMAC to Thornburg. Instead, the allegations that make up Counts I through VI emphasize that the transfers were made directly from TMST to TMAC. Cross-Claim (ECF No. 98) at ¶¶ 120, 138, 154, and 162. Accordingly, Counts I through VI are dismissed as to Thornburg.

## II.   Avoidance of Fraudulent Transfers as to TMAC (Count V)

In Count V, the Trustee seeks to avoid the management fees that TMST paid to TMAC. Pursuant to 11 U.S.C. § 548, a Trustee may avoid a transfer if the debtor voluntarily or involuntarily "received less than a reasonably equivalent value in exchange for such transfer or obligation," and "was insolvent on the date that such transfer was made or such obligation was incurred." 11 U.S.C. § 548(a)(1)B)(ii)(I).

The Trustee contends that "TMST received less than a reasonably equivalent value for the payments of the base management fees to TMAC." Cross-Claim ¶ 158. The Trustee also alleges that "as of the first week of March 2008, the Debtors were insolvent as that term is defined in 11 U.S.C. § 101(32) and applicable state law." Cross-Claim ¶ 35. Though the Trustee does not explicitly state that TMST was insolvent on the dates the alleged transfers were made, the allegations allow this Court to draw the reasonable inference that TMST was insolvent

*as of* the first week of March 2008. *Iqbal*, 129 S. Ct. at 1937. Accordingly, TMAC's motion to dismiss Count V is denied.

## III. Avoidance of Preferential Transfers as to Thornburg (Count VII)

In Count VII, the Trustee brings a claim against Thornburg for avoidance of preferential transfers. Essentially, this cause of action allows a party to ask a court to set aside preferential payments made to one creditor over other, similarly situated creditors. In order to avoid a preferential payment, a party must establish that the transfer was made "to or for the benefit of a creditor." 11 U.S.C. § 547(b)(1).

There is no allegation in this case that Thornburg is the creditor with respect to the debts at issue in Count VII. Instead, the debts are alleged to be owed by TMST to TMAC, not Thornburg. As the Cross-Claim initially alleges, the payments at issue were "made to or for the benefit of TMAC." Cross-Claim ¶ 170. Thus, the Trustee provides no explanation as to how these payments benefitted Thornburg. Accordingly, Count VII is dismissed as to Thornburg.

## IV. Breach of Covenant of Good Faith and Fair Dealing as to TMAC (Count X)

In Count X the Trustee contends that TMAC breached its covenant of good faith and fair dealing, which he alleges is implicit in the management agreement between TMAC and TMST. TMAC moves to dismiss this count because it is duplicative of Count IX, which states a breach of contract claim against TMAC. As Federal Rule of Civil procedure 8(d)(2) states, "A party may set out 2 or more statements of a claim or defense alternatively . . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Thus, the Trustee is not required to choose his legal theories at this stage in the proceedings. Accordingly, TMAC's motion to dismiss Count X is denied.

## CONCLUSION

For the reasons stated above, TMAC and Thornburg's Motion to Dismiss (ECF No. 127) is GRANTED IN PART, and DENIED IN PART, specifically:

1. The Motion to Dismiss is GRANTED as to Counts I through VI (Avoidance of Fraudulent Transfers) and Count VII (Avoidance of Preferential Transfers) as they pertain to Thornburg;

2. The Motion to Dismiss is DENIED as to Count V (Avoidance of Fraudulent Transfers) and Count X (Breach of Covenant of Good Faith and Fair Dealing) as they pertain to TMAC.

A separate Order follows.

Dated: October 11, 2011

/s/ _____
Richard D. Bennett
United States District Judge