IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____FILED _____ENTERED
_____LODGED _____RECEIVED

OCT 11 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

Joel I. Sher, Chapter 11 Trustee,                      *

    Plaintiff and Counter-Defendant,               *

            v.                                          *

SAF Financial, Inc.,                                   *

    Defendant,                                     *

and                                                    *

Larry A. Goldstone and                                 *
Clarence G. Simmons, III,                                        Civil Action No.: RDB 10-1895
                                                       *
    Defendants, Counter-Plaintiffs,
    And Third Party Plaintiffs,                    *

            v.                                          *

Thornburg Mortgage Advisory                            *
Corporation and Garrett Thornburg,
                                                       *
    Third Party Defendants.
                                                       *

*       *       *       *       *       *       *

Joel I. Sher, Chapter 11 Trustee,                      *

    Cross-Plaintiff,                               *

            v.                                          *

Thornburg Mortgage Advisory                            *
Corporation and Garrett Thornburg,
                                                       *
    Cross-Defendants.
                                                       *
*       *       *       *       *       *       *       *       *       *       *       *       *

1

## MEMORANDUM ORDER

Defendants Deborah Burns ("Burns") and Amy Pell ("Pell") have filed a motion for leave to file a cross-claim against Third Party Defendant Thornburg Mortgage Advisory Corporation ("TMAC") for contractual indemnification. Defendant TMAC opposes Burns and Pell's Motion. The issue is fully briefed, and the parties have submitted on the papers. Moreover, this Court has reviewed the pleadings and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Burns and Pell's Motion (ECF No. 189) is GRANTED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *See Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

## ANALYSIS

The facts of this case have been recounted in previous Opinions and Orders issued by this Court and will not be reiterated here. *See* ECF Nos. 61, 160, 162, and 175.

In its opposition to Burns and Pell's motion to file counterclaim, Third Party Defendant TMAC does not argue that it would be prejudiced if Burns and Pell are allowed to file a cross-claim, does not argue that Burns and Pell acted in bad faith, and does not argue that Burns and Pell's motion would be futile. Rather, TMAC argues only that the

motion is untimely. Essentially, TMAC contends that the motion should be denied because Burns and Pells' request was filed after the deadlines set by this Court in previous scheduling orders.

While this Court's original scheduling order set a deadline of January 4, 2011 for the parties to file third-party claims, the import of that deadline was to require joinder of all additional parties. *See* ECF No. 91. Indeed, TMAC was not a party to this case until the last day of the deadline, January 4, 2011, when Joel I. Sher, Chapter 11 Trustee filed a cross-claim against it. *See* ECF No. 98. The scheduling order did not specifically reference cross-claims between existing parties—the subject of the pending motion. Moreover, in light of the complexity of this case, this Court extended numerous deadlines including deferring the trial date some five months by Order dated April 8, 2011. *See* ECF No. 155.

In light of the liberality of Rule 15(a) of the Federal Rules of Civil Procedure, and considering the United States Court of Appeals for the Fourth Circuit's "strong policy that cases be decided on their merits," *United States v. Shaffer-Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), this Court concludes that Defendants Burns and Pell should be afforded an opportunity to file their cross-claim against TMAC.

Allowing Burns and Pell to file this cross-claim will not prejudice TMAC, and will not affect the other deadlines set by this Court. Specifically, discovery in this case has only recently begun, and the cross-claim for contractual indemnification asserted by Burns and Pell is substantially similar to the contractual indemnification cross-claim asserted against TMAC by Third Party Plaintiffs Goldstone and Simmons. There is no assertion that Burns and Pell have in any way acted in bad faith in delaying the filing of this cross-claim. Finally,

3

allowing Burns and Pell to file this cross-claim would not be futile—this Court recently

denied TMAC's motion to dismiss the similar contractual indemnification claim brought by

Third Party Plaintiffs Goldstone and Simmons. *See* Mem. Op., May 11, 2011, ECF No. 175.

For these reasons, Burns and Pell's Motion For Leave to File Cross-Claim Against

Thornburg Mortgage Advisory Corporation for Contractual Indemnification (ECF No. 189)

will be granted.

Finally, because this Court's December 16, 2010 Scheduling Order did not set a

deadline for filing cross-claims against existing parties, that Order does not need to be

modified.

## CONCLUSION

For the reasons stated above, it is this 11th day of October 2011, ORDERED that:

1. Defendants Burns and Pell's Motion For Leave to File Cross-Claim Against

   Thornburg Mortgage Advisory Corporation for Contractual Indemnification (ECF

   No. 189) is GRANTED; and

2. The Clerk of the Court transmit this Memorandum Order to counsel.

Dated:      October 11, 2011                    /s/ *Rcll D. Bntt*
                                                Richard D. Bennett
                                                United States District Judge